IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**MICHELE D. ABERNATHY,**

        Plaintiff,

v.                                     **CIVIL ACTION NO. 5:22-CV-37**
                                             Judge Bailey

**KILOLO KIJAKAZI,**
Commissioner of Social Security,

        Defendant.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pending before this Court is a Report and Recommendation [Doc. 26] entered by United States Magistrate Judge Michael J. Aloi on November 30, 2022. Therein, Magistrate Judge Aloi recommends that defendant's Motion for Summary Judgment be denied, plaintiff's Motion for Summary Judgment be granted, and the Commissioner's decision be reversed so the case may be remanded for further consideration.[1] For the reasons contained herein, the report and recommendation will be adopted.

**BACKGROUND**

In accordance with the Court's Order Directing Filing of Briefs, the parties produced a stipulation of facts to provide this Court with a chronology in narrative form of plaintiff's relevant medical history. See [Doc. 14 at 1–2]. This Court will incorporate in full the factual background as articulated in the magistrate judge's report and recommendation.

---

[1] This Court notes that defendant lodged no objection to the report and recommendation within the prescribed time frame of fourteen (14) days from the date of filing.

## **LEGAL STANDARD**

In reviewing an administrative finding of no disability, the scope of review is limited to determining whether "the findings of the Secretary are supported by substantial evidence and whether the correct law was applied." **Hays v. Sullivan**, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept to support a conclusion." **Richardson v. Perales**, 402 U.S. 389, 401 (1971) (quoting **Consolidated Edison Co. v. NLRB**, 305 U.S. 197, 229 (1938)). The Fourth Circuit has informed that substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a jury verdict were the case before a jury, then there is 'substantial evidence.'" **Shively v. Heckler**, 739 F.2d 987, 989 (4th Cir. 1984) (quoting **Laws v. Celebrezze**, 368 F.2d 640, 642 (4th Cir. 1968)).

"The inquiry, as is usually true in determining the substantiality of evidence, is case-by-case." **Biestek v. Berryhill**, 139 S.Ct. 1148, 1157 (2019); see also **Sizemore v. Berryhill**, 878 F.3d 72, 80–81 (4th Cir. 2017). However, "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment . . . if the decision is supported by substantial evidence." **Hays**, 907 F.2d at 1456 (citing **Laws**, 368 F.2d at 642; **Snyder v. Ribicoff**, 307 F.2d 518, 529 (4th Cir. 1962)). In reviewing the Commissioner's decision, the reviewing court must also consider whether the ALJ applied the proper standards of law: "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." **Coffman v. Bowen**, 829 F.2d 514, 517 (4th Cir. 1987).

## **DISCUSSION**

Plaintiff contends that the ALJ erred by failing to give sufficient reasons for the weight afforded plaintiff's medical treatment provider opinion.

An "ALJ has an obligation to consider medical opinions 'along with the rest of the relevant evidence' in a case." ***Cook v. Berryhill***, 2018 WL 1010485, at *4 (N.D. W. Va. Feb. 22, 2018) (Bailey, J.) (citing 20 C.F.R. § 404.1527(b)). For claims filed after March 27, 2017, an ALJ must consider medical opinion pursuant to 20 C.F.R. § 404.1520c *et seq.* Most importantly, an ALJ must consider the factors of "supportability" and "consistency" when determining the persuasiveness of a medical opinion. 20 C.F.R. § 404.1520c(b)(2) and (c).

While an "ALJ need not explicitly recount the details of this analysis in the written opinion," the ALJ must "give good reasons in the decision for the weight ultimately allocated to medical source opinions." ***Cook***, 2018 WL 1010485, at *6 (quoting ***Taylor v. Colvin***, 2016 WL 4581338, at *4 (N.D. W.Va. 2016) (Bailey, J.)). Assignment of weight on grounds such as "the objective evidence," "the objective evidence or the claimant's treatment history," and the "objective evidence and other opinions of record" are insufficient explanations as to why an ALJ assigns weight to particular opinions. ***Monroe v. Colvin***, 826 F.3d 176, 191 (4th Cir. 2016).

"[A]n ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up specious inconsistencies or has failed to give a sufficient reason for the weight afforded a particular opinion[.]" ***Dunn v. Colvin***, 607 F.App'x 264, 267 (4th Cir. 2015).

3

Here, the magistrate judge concluded that the ALJ discounted all medical opinions provided–both from the agency's doctors and consultants as well as plaintiff's treating medical sources. *See* [Doc. 26 at 18]. Having reviewed this matter in its entirety, this Court agrees with Magistrate Judge Aloi's conclusion in this regard.

The Fourth Circuit, and other courts, have historically admonished ALJs who discount all medical opinions and rely solely on their own expertise and review of data in the record to determine a claimant's functional limitations. **Wilson v. Heckler**, 743 F.2d 218, 221 (4th Cir. 1984) (reversing and remanding ALJ decision which disregarded findings of both agency expert and treating physician and substituted ALJ's assessment); **Ramos v. Barnhart**, 60 F.App'x 334, 336 (1st Cir. 2003) (concluding that the ALJ substituted his own lay opinion for the uncrontroverted medical evidence where the ALJ concluded that plaintiff did not have an impairment that was diagnosed by two examining physicians and not rejected by any examining physician); **Davis v. Berryhill**, 2017 WL 5129933, at *24 (N.D. W.Va. Aug. 8, 2017) (Aloi, M.J.), *report and recommendation adopted*, 2017 WL 3736667 (N.D. W.Va. Aug. 30, 2017) (Keeley, J.) ("ALJs are not medical doctors, and the risk of misunderstanding or misinterpretation is all too real.").

Next, the ALJ provided insufficient reasons in the decision for the weight ultimately allocated to medical sources, particularly plaintiff's examining medical provider Dr. Brick. The ALJ summarily concluded that the opinions were inconsistent with "mental status examinations found throughout the record" or "overstated, unsupported, and inconsistent with the record" without articulating how or why. *See* **Bartlett v. Colvin**, 2016 WL 8136645, at *8 (N.D. W.Va. Mar. 31, 2016) (Seibert, M.J.) ("Saying the state agency consultants' opinions were 'fairly

consistent with other substantial evidence' is the kind of conclusory statement the Fourth Circuit routinely rejects."), *report and recommendation adopted*, 2016 WL 1600843 (N.D. W.Va. Apr. 21, 2016 ) (Stamp, J.).

While the ALJ did provide citations explaining the contents of medical opinions, she failed to provide relevant record information about the supportability of those opinions, and failed to further assess opinion consistency. Based on these failures, the magistrate judge properly concluded that meaningful review was not possible. This Court agrees.

Additionally, the magistrate judge concluded that the ALJ failed to assess plaintiff's reaching ability, which the magistrate judge contends further precludes meaningful review. A claimant's residual functional capacity ("RFC") is the "most [a claimant] can still do despite [their] limitations." 20 C.F.R. § 404.1545. Social Security Ruling 96–8p provides the process for assessing a claimant's RC. When assessing a claimant's RFC, an ALJ must "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96–8p, 61 Fed.Reg. at 34,4474-01). The ALJ must "consider [the claimant's] ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 416.945(a)(4). This includes "all . . . medically determinable impairments of which [the ALJ is] aware, including . . . medically determinable impairments that are not "severe[.]" 20 C.F.R. § 416.945(a)(2). The RFC assessments "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio*, 780 F.3d at 636 (internal quotations omitted).

5

Additionally, Social Security Ruling 96-8p specifically provides that "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *See Policy Interpretation on Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P (S.S.A. July 2, 1996).

Failing to consider all of an individual's functional capacities to support an RFC assessment based on an exertional category creates the danger that the adjudicator will "either overlook the limitations or restrictions that would narrow the ranges and types of work an individual may be able to do, or find that the individual has limitations or restrictions that he or she does not actually have." Id. (quoting SSR 96-8p, 61 Fed.Reg. At 34,4474-01). Remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." **Monroe**, 826 F.3d at 188 (quoting **Mascio**, 780 F.3d at 636). The reviewing court must first determine whether the ALJ failed to assess plaintiff's capacity to perform relevant functions. *See id*. If so, the court must then determine whether the ALJ's failure frustrates meaningful review because of contradictory evidence or other inadequacies in the record. *Id*.

After conducting such analysis, the magistrate judge concluded that the ALJ's failure to assess plaintiff's reaching capacity and failure to provide a narrative discussion about plaintiff's ability to perform reaching functions left him "to guess about how the ALJ arrived at [her] conclusions on plaintiff's ability to perform relevant functions." **Mascio**, 780 F.3d at 637.

This Court agrees wholeheartedly with the magistrate judge's conclusion in this regard based on an examination of the record as a whole.

## CONCLUSION

For the reasons contained herein, the Report and Recommendation [**Doc. 26**] is hereby **AFFIRMED** and **ADOPTED** in its entirety. Accordingly, Defendant's Motion for Summary Judgment [**Doc. 18**] is **DENIED**, Plaintiff's Motion for Summary Judgment [**Doc. 17**] is **GRANTED**, and the Commissioner's decision is **REVERSED**.

Moreover, this Court **ORDERS** this case to be **REMANDED** for further consideration. More specifically, upon remand the ALJ shall consider the medical opinions, alongside the rest of the relevant evidence in this case, and particularly address and articulate the supportability and consistency of those opinions in accordance with 20 C.F.R. § 404.1520c(b)(2) and (c). Moreover, the ALJ shall assess and provide a narrative discussion about plaintiff's functional capacity to perform reaching tasks generally and as an exertional demand required by the proposed representative occupations.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this order to all counsel of record, and to strike this matter from the active docket of this Court.

DATED: December 19, 2022.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**